**Brian F. WEBER, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellees,**

v.

**KAISER ALUMINUM & CHEMICAL CORPORATION and United Steelworkers of America, AFL–CIO, Defendants-Appellants.**

No. 76–3266.

United States Court of Appeals,
Fifth Circuit.

April 17, 1978.

Robert J. Allen, Jr., Legal Dept., Kaiser Aluminum & Chemical Corp., Oakland, Cal., Jane L. McGrew, Thompson P. Powers, Washington, D. C., for defendants-appellants.

F. W. Middleton, Jr., Baton Rouge, La., for Kaiser Aluminum, Etc.

John C. Falkenberry, Birmingham, Ala., Michael H. Gottesman, Washington, D. C., Jerry L. Gardner, Jr., New Orleans, La., for United Steelworkers of America.

Kenneth B. Peterson, Cloyd R. Mellot, Pittsburgh, Pa., for Alcoa, amicus curiae.

Burt A. Braverman, Washington, D. C., Austin B. Graff, Richmond, Va., for Reynolds Metals, amicus curiae.

Michael R. Fontham, New Orleans, La., John W. Finley, Jr., New York City, for appellants, amicus curiae.

Richard S. Ugelow, Robert T. Moore, James P. Turner, U. S. Dept. of Justice, Washington, D. C., for U. S. & E. E. O. C., amicus curiae.

Arnold Forster, New York City, for Anti-Defamation League of B'Nai B'rith, amicus curiae.

Christopher S. Bond, Gene E. Voigts, Kansas City, Mo., for Great Plains Legal Foundation, amicus curiae.

Wayne T. Elliott, Ben B. Blackburn, Atlanta, Ga., for Southeastern Legal Foundation, amicus curiae.

ON PETITIONS FOR REHEARING AND
PETITIONS FOR REHEARING
EN BANC

(Opinion Nov. 17, 1977, 5 Cir., 1977,
563 F.2d 216).

Before WISDOM,* GEE and FAY, Circuit Judges.

PER CURIAM:

The Petitions for Rehearing are DENIED [1] and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are also DENIED.

---

\* Wisdom, J., dissents from the denial of Petition for Rehearing for the reasons stated in his dissenting opinion at 563 F.2d 227–38.

1. On rehearing it is suggested that our quotation from the panel opinion in *Carter v. Gallagher,* 452 F.2d 315, 325 (8th Cir. 1971) is inappropriate since the en banc court, 452 F.2d 327 *et seq.,* in fact instituted a modified minority hiring quota on rehearing. *Carter,* however, was a case in which past racial discrimination in hiring at the "plant"—in that instance a fire department—was established. Our case is the contrary, and we are not persuaded that the en banc determination there is at variance with our decision here. At all events, we agree with the quotation as applied to our context.